Cyril Tweedale
vs. }Eq. No. 9670.
Holrick J. Miller

February 26, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

Petition to establish a lien for labor and materials furnished by complainant for a system of heating and plumbing in changing over a building owned by respondent into an apartment house. The work to be done contemplated the installation of heating and plumbing fixtures.

After a number of conferences between the parties, two written contracts were executed January 4, 1929; one for plumbing and one for heating. The plumbing work called for $1,700 and the heating $1,600, a total of $3,300.

The respondent Miller executed a note to a Heating & Finance Corporation for $3,300 which was paid to complainant by said company as the work progressed. The amount orally agreed upon for said work by said parties was $2,750. Complainant executed a note to respondent for $550. The work started January 15, 1929, and was completed in July of same year.

Complainant testified that at the very outset of the work, on the first or second day, respondent made changes in the plumbing fixtures to be installed and in the location thereof; that almost daily such changes were ordered made by respondent, at times after such fixtures had been connected, causing extra work by the changing of same; that at this time he informed respondent that he (complainant) could not continue on the contract basis, but would only do the work and furnish the materials upon a ten per cent plus basis; that the cost contemplated and agreed upon in the written contract was $1.50 per hour for a journeyman and 75 cents an hour for a helper, and that respondent agreed that the work should continue on this basis.

The question whether or not complainant was entitled to a statutory lien of mechanics was tried before Mr. Justice Tanner May 14, 1930, and at the close of such hearing a decree was entered declaring that petitioner (Cyril Tweedale) had a legal claim against the property described at the time of filing said petition by virtue of Chapter 301 of the General Laws and has a lien upon said property for said legal claim. The entry of this decree was assented to by counsel for Holrick J. Miller.

The amount of said lien was not established at said hearing for some reason, and the present hearing is held for the purpose of establishing the amount due.

It was established at the hearing before Mr. Justice Tanner that certain extra work was done, and the question in the present hearing is as to the amount of said extra work and materials and the fair value of the same.

Respondent, while admitting changes were made from the original contracts, testified that such extra materials and labor furnished by complainant outside of the specifications in said contracts amounted to $527.15 in addition

to the $2,750 of the original contracts, and that there is a balance due him from complainant of $72.85.

Complainant claims amount due to be $1,248.83.

Respondent claims the note for $550 given him by complainant was for the purpose of taking care of extras. It seems to the Court more probable that this note was given for the purpose of satisfying the finance company, which was to advance money to complainant as the work progressed, that the contract price was $3,300 rather than $2,750 as orally agreed upon. This note for $550 was subsequently returned to complainant.

In the hearing held before Mr. Justice Tanner, (page 43 of the rescript), Miller (respondent) testified as to extras in answer to Question 16:

"He (Tweedale) put in some, put in one whole tub, and he changed from pedestal tubs to low down tubs, and put in some extra gas pipe, and some ice box waste. I would not say that was all the extras. It is not clear in my mind how much extras there was."

What respondent appears to claim in the present hearing is that $550 was intended to pay and take care of all extras, and that any other extras, so called, above that amount are included in the original contract, and yet he says in his testimony given before Mr. Justice Tanner in May, 1930, "It is not clear in my mind how much extras there was."

It seems that in April, 1929, another contract relative to the plumbing was executed but dated January 4, 1929, the date of the original contract. Respondent says this was made to reaffirm the original contract, while the testimony seems to show same was given for the purpose of obtaining a permit from the building inspector. It does not seem to the Court that the respondent is altogether candid in his testimony in this respect.

A witness named Capaldi was called

by respondent as an expert in plumbing, who testified as to the cost of certain admitted changes in the plumbing work and whose figures for such work varied little from those given by complainant, and it seems significant to the Court that the expert's figures aggregated just about $550, the amount claimed by respondent to cover all extras.

It is also significant that in the course of the hearing the attorney for respondent made no claim that the cost charged for labor or materials was excessive, but simply that the great bulk of extras charged for was included in the original contract.

The total amount charged in original petition for a lien for materials is. . . . . . . . . . . . . . . . . . . . . . . .$3,353.97
Total amount charged for
labor. . . . . . . . . . . . . . . . . . 1,339.62

Total for materials and labor.$4,693.59
The total of credits is. . . . . . . . 3,444.76

Balance claimed due. . . . . . . .$1,248.83

An examination of the contracts shows that same contain detailed specifications of the materials to be installed and conclude with a lump sum to be paid for such materials and the labor to be furnished, aggregating $2,750.

The Court is of the opinion that the testimony discloses that from the start of the work the respondent, who lived in the building while the work was being carried on, overlooked the work day by day, ordered certain changes to be made in location and materials, and in the nature and extent of same. In view of the fact that the respondent himself says that he was not clear in his own mind in May, 1930, nearly a year after the work was finished, how much extras there were, and in view of the detailed records submitted oy complainant of the work done and materials furnished, and there being no dispute as to the cost of materials and labor furnished, the Court is of the opinion that complainant is entitled to a lien for the amount claimed and interest.

Decree to this effect may be submitted.

For petitioner: Curran, Hárt, Gainer & Carr.

For respondent: Frank Barnbrook.